**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Alan Greenburg,<br><br>Plaintiff,<br><br>v.<br><br>Amanda Wray, et al.,<br><br>Defendants. | No. CV-22-00122-PHX-DLR<br><br>**ORDER** |

At issue is Plaintiff's motion for leave to file an amended complaint. (Doc. 46.) Leave to amend should be given freely, Fed. R. Civ. P. 15(a)(2), especially when, as here, leave it sought within the deadline for amending pleadings. (Doc. 8 at 2 ("The parties shall endeavor not to oppose motions to amend filed . . . within the time set forth for amending pleadings and joining parties in the Rule 16 Scheduling Order.").) When assessing the propriety of a motion for leave to amend, the court considers factors such as: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, despite Rule 15's liberal standard and the fact that Plaintiff filed his motion within the deadline for amending pleadings, Defendants oppose the motion, arguing that it is untimely and, consequently, prejudicial. (Doc. 48.) The Court disagrees. Plaintiff's motion was filed within the deadline for amending pleadings, and the prejudice Defendants

complain of is the ordinary inconvenience that accompanies the addition of new parties and claims. If necessary, the parties may stipulate to modifications of the scheduling order to accommodate the new parties and claims. Such modifications can mitigate the inconvenience Defendants articulate without depriving Plaintiff of the opportunity to freely amend.

**IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 46) is **GRANTED**.

Dated this 9th day of January, 2023.

_____
Douglas L. Rayes
United States District Judge